The Trustees of Columbia University in the City of New York, Appellant, v. Nathan Kalvin, Respondent.

Per Curiam. In two other actions between the same parties on leases similar to the one which is the basis of the complaint herein (*Trustees of Columbia University v. Kalvin*, 250 N. Y. 469), it was held· " At the expiration of the lease the tenant remained in possession. He had a right to do so until the completion of the appraisal and the choice by the landlord under its option to grant a new lease or pay for the building on the premises. For the use of the premises during such period he is liable to the landlord for an amount equivalent to the rental reserved

in the lease, and not for the amount fixed by the appraisers as a fair rental. [Citing cases., If the landlord violates his implied obligation of good faith by preventing an appraisal, the tenant may continue in possession, being liable to pay for the use of the premises the amount reserved as rent in the lease or vacate the premises and maintain an action to recover his damages. Upon the completion of the appraisal, if the landlord fails and neglects to make a choice, it may be compelled to do so in an action by the tenant." We are of opinion that in the light of this pronouncement by the Court of Appeals the Special Term properly dismissed the complaint and correctly construed the lease in question and the rights of the parties thereunder. It is contended by the plaintiff, however, that the pleading not only sounds in equity for specific performance but is also sustainable as one for a declaratory judgment. Assuming, but not conceding, that its allegations are appropriate for such a judgment, we are further of opinion that jurisdiction should not be assumed. As already noted, a lease similar to the one here in question has been construed in the case cited. This lease has been specifically construed at Special Term with respect to the particular circumstances detailed in the complaint herein. Such construction is approved on this appeal. A declaratory judgment could do no more. It would be futile to assume jurisdiction in the circumstances. The exercise of such jurisdiction is discretionary. (*Baumann* v. *Baumann*, 250 N. Y. 382; Civ. Prac. Act, § 473; Rules Civ. Prac. rule 212.) The plaintiff has had appropriate and adequate relief by existing forms of action to which it has voluntarily and in the first instance resorted. It may *not complain*, therefore, when we leave it to such relief by virtue of the provisions of rule 212. The declaratory relief requested is merely asked as a foundation for substantive relief, which because of the case cited, the allegations of the complaint, and the construction to be placed upon the lease, must necessarily fail. Declaratory jurisdiction in this respect should not be entertained. (*Earl of Dysart* v. *Hammerton*, L. R. [1914] 1 Ch. 822, 833, 838, 846.) The order and judgment should be affirmed, with costs. Present — Finch, Merrell, Martin, O'Malley and Proskauer, JJ. Judgment and order affirmed, with costs. [133 Misc. 270.]